822 F.2d 60
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, for Use and Benefit of
HARTLINE-THOMAS, INC., Plaintiff-Appellant,
v.
ALGERNON BLAIR INDUSTRIAL CONTRACTORS, INC. and United
States Fidelity and Guaranty Company, Defendants-Appellees.
 No. 86-5748
 United States Court of Appeals, Sixth Circuit.
 June 30, 1987.
 
 Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case involves a dispute over the amount owed Hartline-Thomas, Inc., a painting subcontractor, for work performed at the Tennessee Valley Authority's Gallatin, Tennessee Steam Plant.
 
 
 2
 Hartline-Thomas (Hartline) initiated the proceedings below by filing a complaint under the Miller Act, 40 U.S.C. Secs. 270(a)-270(d) seeking recovery of $72,191.66 against Algernon Blair Industrial Contractors (ABIC) and its bonding company United States Fidelity and Guaranty Company. ABIC counterclaimed against Hartline and its bonding company, Gulf Insurance Company for damages it sustained because of Hartline's breach of the subcontract. By stipulation, Gulf was dismissed from the action without prejudice.
 
 
 3
 After granting ABIC's motion for dismissal of Hartline's delay claim, the court found in favor of ABIC and USF&G on both Hartline's claim against them and their counterclaim against Hartline. After off-setting the judgments the court found that Hartline owed ABIC $159,801.33. Hartline appeals that judgment. We adopt the opinion of the district court and conclude that the court's computation was correct.
 
 
 4
 Because of statements made at oral argument a brief review of the facts is deemed appropriate. ABIC signed a contract with TVA on July 14, 1976, by which it agreed to construct four electrostatic fly ash precipitators at the Gallatin TVA steam plant. On January 27, 1977, ABIC subcontracted with Hartline to perform field painting on the project. This subcontract was signed in Georgia and was initially in the amount of $190,000. Later the subcontract was modified by a number of 'change orders' so that the amount involved became $279,192.60. In late summer 1977, even before Hartline began work, a dispute arose between ABIC and Hartline as to the scope of the field work Hartline was to perform under the subcontract and the issue was submitted to arbitration. The arbitrators found that most of this work was Hartline's responsibility. The additional price of the extra work was incorporated in the subcontract through change orders numbers 6 and 7, and ABIC made the payments then due to Hartline.
 
 
 5
 Throughout the time Hartline was on the job, problems continued to arise. On July 21, 1978, TVA's paint inspector noted that Hartline had failed to touch-up primer, painted over unprimed steel, failed to properly clean steel before applying finish coats, and painted surfaces wet with dew. On August 29, 1978, TVA wrote ABIC noting specific problems with Hartline's painting including painting over concrete splatter and dust, failure to wipe or clean surfaces and painting over expansion joints. A copy of the letter was sent to Hartline on September 7, 1978. In oral argument counsel for Hartline argued that this was work to be performed by ABIC. The district court resolved this issue against Hartline and we believe the record supports this conclusion.
 
 
 6
 In October, 1979 ABIC received a 21 page 'punch list' from TVA detailing deficiencies in the painting. Withers C. Adkins, who examined the paint job found that 25-50% of the total area needed reworking to obtain even minimal performance from the applied coating system, and rated the job as the worst he'd seen in his 20 years of coating inspection. Though Hartline subsequently undertook some corrective efforts the work was never completed to TVA's satisfaction and TVA incurred great expense in bringing the work to even the minimum standards.
 
 
 7
 We agree with the district court that it is indisputable that the painting on the project was seriously deficient both before and after Hartline's corrective efforts. We now find that none of Hartline's arguments are meritorious. The district court's opinion represents a thorough and detailed evaluation and a comprehensive assessment of the damages.
 
 
 8
 In sum, Hartline alleges that the district court's judgment was against the weight of the evidence and there were certain oversights on the part of the court. First, Hartline argues that the court failed to understand the contract and to consider modifications which took place during the bidding phase and the under the contract orders. Second, Hartline argues that it completed its work under the contract and that the court therefore erred in denying payment. The issue involved in the first argument is whether Hartline had the responsibility for cleaning and priming the bolted connections. Here we again believe the district court correctly determined the contract was not unique. This question was ultimately submitted to arbitration and then included in the change orders. We believe that the trial court properly relied on these determinations in finding that the bolted connections were primarily the responsibility of Hartline under the subcontract. As found by the arbitrator, any additional amount was added to the contract price. The district court's opinion demonstrates a thorough review of all the facts in the case and under Fed. R. Civ. P. 52(a) 'findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given the opportunity of the trial court to judge the credibility of the witnesses.' Even
 
 
 9
 [w]hen there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.
 
 
 10
 This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.
 
 
 11
 Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) (citations omitted).
 
 
 12
 Hartline has failed to show clear error on the part of the trial court. This is especially true when we look at the issue of whether Hartline completed its work under the contract. In applying the clearly erroneous standard, we must view the record in the light most favorable to the appellees. E.g. Continental Motel Brokers, Inc. v. Blankenship, 739 F.2d 226, 230 (6th Cir. 1984). It is our opinion that the evidence in the record overwhelmingly supports the conclusion that Hartline did not substantially perform the work required by the contract because it failed to do the field surface preparation in a manner which rendered the work effective even for the minimum period of time.
 
 
 13
 The judgment of the district court is affirmed.